UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDDIE KING,

    Plaintiff,                         CASE NO: 07-CV-15341

v.                                     DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                     MAGISTRATE JUDGE CHARLES E. BINDER

CITY OF HIGHLAND PARK,
HEATHER HOLCOMB, Highland
Park Police Officer, RICHARD COOPER,
Highland Park Police Officer, JOHN DOES,
Highland Park Police Officers,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1)**

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** without prejudice because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

### II.    REPORT

    **A.**    **Introduction**

Plaintiff Freddie King is a state prisoner who is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, under the direction of the Michigan Department of Corrections ("MDOC"). On December 14, 2007, Plaintiff filed this *pro se* civil action. (Compl.,

Dkt. 1.) Plaintiff filed an application to proceed without prepayment of fees pursuant to the *in forma pauperis* ("IFP") statute on that same date. (Dkt. 2.); 28 U.S.C. § 1915(a)(1). Plaintiff submitted an authorization regarding the filing fee on February 11, 2008. (Dkt. 6.) The case was referred to the undersigned magistrate judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) on December 19, 2007. (Dkt. 3.) After having reviewed the documents and having screened the complaint, I find that the case is ready for Report and Recommendation.

**B.    The Complaint**

Plaintiff alleges that on September 6, 2007, Defendant police officers Holcomb and Cooper arrived at 37 Leslie Street, where Plaintiff was standing on front of the house speaking with his son. (Compl., Dkt. 1 ¶ 8.) After the Defendants inquired about Plaintiff's identity, one of them returned to the squad car, and fifteen to twenty minutes later, inquired whether Plaintiff or his son had any firearms, and proceeded to search Plaintiff and his son, Frederick London. (*Id.* ¶¶ 9-11.) Plaintiff was then arrested for carrying a concealed weapon although he contends that he did not have any such weapon on his person. (*Id.* ¶ 13.) Plaintiff was detained until September 10, 2007, i.e., for four days. (*Id.* ¶¶ 14-16.) Plaintiff complains that the officers did not have a proper search warrant or arrest warrant, and that he was never taken before a Magistrate for a determination of probable cause. (*Id.* ¶¶16-20.) Plaintiff alleges that such conduct violated the Fourth and Fourteenth Amendments of the United States Constitution and he seeks money damages to compensate him for the loss of liberty, mental suffering, loss of family company, and actual lost wages occurring as a result of his incarceration. (*Id.* ¶23.) Plaintiff also alleges that he was falsely and illegally imprisoned and that the City of Highland Park had a policy "exhibiting deliberate indifference" and "to inadequately and improperly permit its police officers to set out unreasonable delays in bringing detained arrestees before a justice of the peace." (*Id.* ¶¶ 31, 32.)

Looking solely at Plaintiff's complaint, it would appear that Plaintiff was incarcerated only for the four days complained of; however, Plaintiff currently resides in a state prison. Results of an Offender Tracking Information Search ("OTIS") search revealed that Plaintiff was sentenced for a conviction of Homicide-involuntary manslaughter on April 28, 1995, to seven (7) to fifteen (15) years incarceration. Http://www.state.mi.us/mdoc/otis2profile.asp?mdocNumber=193562. He became eligible for parole on April 27, 2004, but there is no information indicating if or when he was paroled or when he returned to prison, nor is there any more recent conviction that would correspond to the allegations in the instant Complaint that occurred in September of 2007. *Id.*

Chambers staff contacted the Wayne County Clerk's office, the Wayne County Prosecutor's Office and the Highland Park division of the Wayne County Prosecutor's Office, on February 13, 2008. Chambers staff was told that there are no pending arrest warrants, nor have any charges been brought against Plaintiff regarding the events occurring in September of 2007. Chambers staff also contacted the Records department at the Lakeland Correctional Facility on that same day and was informed that Plaintiff was paroled in March of 2006, and was returned to prison on September 17, 2007, based on having been found guilty of parole violations. Although Plaintiff pleaded not guilty to the parole violation charges, the MDOC found Plaintiff guilty of a violating his parole for fleeing the police, carrying firearms despite being a convicted felon, being in a car that contained a gun, and resisting the arrest which occurred on September 6, 2007, and all of which violated various conditions of parole.

### C. Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e), when a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that...the action or appeal is frivolous or

malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Since Plaintiff has applied for IFP status and is suing governmental employees, both of these provisions apply. 28 U.S.C. § 1915 and 1915A.

Similarly, under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments

for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

**D.     Discussion**

Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Presiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 1836 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the U.S. Supreme Court considered whether this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §

1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. A "state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in the action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005)(emphasis in original). However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

The principles expressed in *Heck* apply to § 1983 actions challenging state parole revocations; therefore, where Plaintiff does not come forward with a decision declaring the parole revocation invalid, a § 1983 action is barred. *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, *1 (6th Cir. Aug. 19, 1999). If a complaint alleges procedural defects in the parole revocation process, such a challenge is not barred by *Heck*.[1] *Anyanwutaku v. Moore*, 151 F.3d 1053, 1055-56 (D.C. Cir. 1998); *accord, Horton v. Groat*, No. 1:06-CV-370, 2006 WL 1752393, *2 (W.D. Mich. June 23, 2006)("Prisoners may challenge the process of parole revocation proceedings, but not the result of those proceedings, under § 1983."). However, since Plaintiff challenges the constitutionality of the

---

[1] Procedural guarantees for the parole revocation hearing are codified in Michigan at MICH. COMP. LAWS § 791.240a.

evidence supporting the parole revocation itself, he challenges the substance of his parole revocation.

Since Plaintiff has not alleged that his parole violation conviction has been overturned or his probation revocation invalidated, I suggest his claim is barred by *Heck*. *Munfro v. Alexander*, 47 Fed. Appx. 329, 2002 WL 31108821, *2 (6th Cir. Sept. 20, 2002)(challenge to probable cause basis for detaining plaintiff that resulted in eventual parole revocation was barred by *Heck*); *accord, Jackson v. Alt*, 236 Fed. Appx. 850, 851, 2007 WL 1828937, *1 (3rd Cir. June 27, 2007)(claim that parole violation warrant violated equal protection was *Heck* barred); *Roberts v. O'Bannon*, 199 Fed. Appx. 711, 713, 2006 WL 2879059, * 2 (10th Cir. Oct. 11, 2006)(claim that police officers violated Fourth Amendment by illegally seizing evidence resulting in parole violation was *Heck* barred); *Johnson v. Wilkinson*, 211 F.3d 1269, No. 99-3475, 2000 WL 553929, *2 (6th Cir. Apr. 28, 2000)("claims which challenge the revocation of parole are not cognizable under § 1983 until the parole revocation has 'been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" quoting *Heck*); *Chumley v. Berry*, 166 F.3d 1213, No. 97-6300, 1998 WL 887266 (6th Cir. Dec. 11, 1998)(H*eck* barred claim that plaintiff was improperly convicted of parole violation); *Price v. Rubitschun*, No. 2:06-CV-192, 2007 WL 80877, *3 (W.D. Mich. Jan. 8, 2007)(adopting Report and Recommendation sua sponte dismissing complaint where Plaintiff alleged defendants had violated his constitutional rights by revoking his parole because *Heck* barred); *Secord v. Michigan Dep't of Corrs.*, No. 5:06-cv-94, 2006 WL 2035301, *3 (W.D. Mich. July 18, 2006)(Plaintiff's suit

seeking injunctive and monetary relief alleging failure of MDOC to provide a hearing before revoking parole was *Heck* barred).[2]

Alternatively, I recommend that since Plaintiff has not yet been separately charged and convicted of the crimes supporting his parole revocation in state court, i.e., felon in possession of a firearm and resisting arrest, federal court action is barred by *Younger* abstention. *Younger v. Harris*, 401 U.S. 37, 41 (1971)(preventing federal courts from interfering with pending state court proceedings except under special circumstances such as bad faith or harassment); *accord, Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006).

Accordingly, I recommend that Plaintiff's complaint be *sua sponte* dismissed without prejudice as barred by *Heck* or based on *Younger* abstention. 28 U.S.C. § 1915A(b)(1).

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*,

---

[2]*Cf., Mathias v. Milan Police Dep't,* 4 Fed. Appx. 245, 247, 2001 WL 131623, *2 (6th Cir. Feb. 6, 2001)(stating that since the exclusionary rule does not apply to parole revocation hearings, challenges to parole revocation based on illegal search and seizure would not undermine the revocation and thus are not be barred by *Heck*).

474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                   s/ *Charles E Binder*
                                                        CHARLES E. BINDER
Dated: February 20, 2008                    United States Magistrate Judge

## CERTIFICATION

       I hereby certify that this Report and Recommendation was electronically filed this date, served on Freddie King by first class mail, and served on U.S. District Judge Zatkoff in the traditional manner.

Date: February 20, 2008          By      s/Patricia T. Morris
                                                      Law Clerk to Magistrate Judge Binder